IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**TERRY L. BARBER,**

                **Petitioner,**

     v.                                      CASE NO. 11-3014-SAC

**STATE OF KANSAS, et al.,**

                **Respondents.**


### O R D E R

Petitioner, a prisoner incarcerated in a Kansas correctional facility, proceeds pro se on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 on allegations regarding the sentence imposed for his conviction in Sedgwick County District Court on charges of attempted rape and aggravated sexual battery.[1]  First, he claims the state district court erred in allowing an Arkansas rape case to be considered in his criminal history.  Second, he claims the district court's enhancement of the sentence based on petitioner being a Persistent Sex Offender was unconstitutional. Petitioner states he raised both claims without success in a post-conviction motion under K.S.A. 22-3504 to correct an illegal sentence.[2]

Before the court is respondents' motion to dismiss the petitioner without prejudice, citing petitioner's pending appeal

---

[1] *See State v. Barber*, 157 P.3d 1129, 2007 WL 1461334 (Kan.App., May 18, 2007)(unpublished opinion), *rev. denied* (Sept. 27, 2007).

[2] *See Barber v. State*, 238 P.3d 331, 2010 WL 3636272 (Kan.App. Sept. 10, 2010)(unpublished opinion), *rev. denied* (Nov. 5, 2010).

from the denial of his post-conviction relief, K.S.A. 60-1507. Although petitioner appears to claim he has fully exhausted state court remedies on the two claims being raised in federal court, respondents point out that while petitioner's current post-conviction appeal is pending, petitioner's state court records are unavailable to respondents for purposes of preparing a response to the petition.

The Kansas Appellate Courts public website[3] discloses that petitioner's post-conviction appeal has now been resolved.[4] Accordingly, because comity concerns no longer warrant dismissal of the petition, the court denies respondents' motion to dismiss. Petitioner is granted thirty days to amend the petition, if he so desires, to add any claim reviewed by the state courts in petitioner's post-conviction motion and appeal. Respondents are granted thirty days thereafter or after petitioner's amendment of the petition, whichever date is later, to file an Answer and Return.

IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition without prejudice (Doc. 5) is denied.

IT IS FURTHER ORDERED that petitioner is granted thirty (30) days from the date of this order to file an amended petition if he chooses to raise additional claims.

IT IS FURTHER ORDERED that respondents are granted additional time to file an answer and return, either sixty (60) days from the date of this order, or thirty (30) days from date of petitioner's

---

[3]*See* www.kscourts.org (case inquiry system).

[4]*See Barber v. State*, 2011 WL 6385646 (Kan.App. Dec. 16, 2011), *rev. denied* (Jan. 6, 2012).

amendment of the petition, whichever date is later.

**IT IS SO ORDERED.**

DATED:  This 10th day of January 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge