IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

TERRY L. BARBER,

          Petitioner,

Vs.                                        No. 11-3014-SAC

STATE OF KANSAS, et al.,

          Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 (Dk. 1) and an amended petition seeking the same relief (Dk. 9). Convicted of attempted rape and aggravated sexual battery and sentenced to 142 months' imprisonment, the petitioner challenges his sentence as unlawfully enhanced by a prior Arkansas conviction due to a lack of supporting findings and as unconstitutionally enhanced in violation of his Sixth Amendment rights as established under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny.

In response to the court's show cause order (Dk. 2), the respondents filed their answer and return (Dk. 11) and forwarded for the court's review the relevant state court records (Dk. 12). The petitioner has not filed any traverse with the court, and the time for filing one has passed.

**PROCEDURAL HISTORY**

Following a jury trial in the District Court of Sedgwick County, Kansas, petitioner was convicted of one count of attempted rape and one count of aggravated sexual battery. The petitioner challenged his criminal history that included a 1985 rape conviction in Arkansas. The court imposed a persistent sex offender sentence of 142 months' imprisonment based on that prior rape conviction. On direct appeal, the petitioner argued the district court erred in not instructing on the defense of voluntary self-intoxication. His conviction was affirmed by the Kansas Court of Appeals. *State v. Barber*, No. 95,780, 157 P.3d 1129, 2007 WL 1461334 (Kan. App. May 18, 2007) (unpub. op.), *rev. denied*, 284 Kan. 947 (2007).

In 2008, petitioner filed a motion to correct his sentence pursuant to K.S.A. 22-3504 in Sedgwick County District Court arguing his sentence as a persistent sex offender under K.S.A. 21-4704(j) based on the prior sexual felony conviction in Arkansas was in violation of *Cunningham v. California*, 549 U.S. 270 (2007). The district court denied his motion, and the Kansas Court of Appeals affirmed. *State v. Barber*, No. 102,357, 238 P.3d 331, 2010 WL 3636272 (Kan. App. Sept. 10, 2010), *rev. denied*, 291 Kan. No. 1 (vi) (2010).

Also in 2008, petitioner filed a motion for writ of habeas corpus pursuant to K.S.A. 60-1507 in Sedgwick County District Court arguing several trial errors and two claims of ineffective assistance of counsel. The district court held an evidentiary hearing on the ineffective assistance claims

and denied the petitioner's motion. The Kansas Court of Appeals affirmed. *State v. Barber*, No. 103,725, 257 P.3d 351, 2011 WL 3558223 (Kan. App. Aug. 12, 2011), *rev. denied*, --- Kan. --- (2012).

The petitioner has filed this action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 arguing the following two claims. First, the district court erred in denying his motion to correct his sentence based on the sentencing court's failure to find that the Arkansas conviction met the statutory requirements for the persistent sex offender enhancement. Second, the sentencing court imposed the persistent sex offender enhancement in violation of his Sixth Amendment rights as explained in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny. The facts underlying the defendant's conviction are not necessary to the court's determination of this § 2254 motion.

**AEDPA STANDARD OF REVIEW**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a "highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 130 S. Ct. 1855, 1862 (2010) (citation and internal quotation marks omitted). Under AEDPA, where a state prisoner presents a claim in habeas corpus and the merits were addressed in the state courts, a federal court may grant relief only if it determines that the state court proceedings

resulted in a decision (1) "that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to clearly established Federal law" when: (a) the state court "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases'"; or (b) "'the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Maynard v. Boone*, 468 F.3d 665, 669 (10th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)), *cert. denied*, 549 U.S. 1285 (2007). A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct legal rule from Supreme Court case law, but unreasonably applies that rule to the facts. *Williams*, at 407–08. Likewise, a state court unreasonably applies federal law when it either unreasonably extends, or refuses to extend, a legal principle from Supreme Court precedent where it should apply. *House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008), *cert. denied*, 555 U.S. 1187 (2009).

In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather than issuing

whenever a state court errs or is incorrect in applying clearly established federal law, the writ is reserved for when the state court's application is "objectively unreasonable." *Renico v. Lett*, 130 S. Ct. at 1862. "This distinction creates a substantially higher threshold for obtaining relief than *de novo* review." *Id.* (internal quotation marks and citation omitted). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard,* 468 F.3d at 671.

**COMPLIANCE WITH K.S.A. 21-4704(j)**

The petitioner's first issue is that the district court did not comply with K.S.A. 21-4704(j) in failing to find that his Arkansas rape conviction was for a sexually violent offense comparable to his offense of conviction under K.S.A. 22-3717(d)(2). To qualify as a "persistent sex offender" under Kansas law, the defendant must be convicted of a sexually violent crime under K.S.A. 22-3717 and must have a prior conviction for a sexually violent crime under that same statute or a "comparable felony under the laws of another statute." K.S.A. 21-4704(j)(2). The issue here is limited to the second part of that finding.

After conducting an evidentiary hearing, the sentencing court found that the defendant was "the same person who was convicted of the crime of rape in the state of Arkansas back in 1985 as indicated in the judgment . . . and therefore that that should be included in the defendant's

prior criminal history as a prior person felony." (Dk. 12, App. No. 09-102357-A, Vol. 4, Tran. 6/8/2005 Hrg, p. 18). Whether this finding is sufficient to invoke the provisions of K.S.A. 21-4704(j) and whether the Arkansas rape conviction is a prior sexually violent crime within the meaning of that statute are both questions of state law that involve the simple application and interpretation of state law. Consequently, these issues do "not implicate federal habeas review." *Harris v. Roberts*, 485 Fed. Appx. 927, 2012 WL 2354433, at *2 (10th Cir. Jun. 21, 2012) (issue of prior felony being included in criminal history score was controlled by state law); *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that "it is not province of a federal habeas court to reexamine state-court determinations on state-law questions"). For that matter, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). Thus, the court is bound by the Kansas Court of Appeal's conclusions that "the district court's finding is sufficient to invoke the provisions of K.S.A. 21-4704(j)" and that a comparison of the Arkansas statute and the Kansas statute shows the Arkansas rape conviction qualifies as a sexually violent crime under K.S.A. 22-3717. *State v. Barber*, 238 P.3d 331, 2010 WL 3636272 at *1-*2 (Kan. App. Sept. 10, 2010).

**VIOLATION OF *APPRENDI***

Petitioner next argues the district court applied the persistent sex offender enhancement in violation of *Apprendi* in that the enhancement involves factual findings for a jury to decide. For this enhancement to apply, the Kansas Supreme Court has explained that the sentencing court must find that the defendant's current conviction and his prior conviction meet the statutory definition of a sexually violent crime. *State v. Moore*, 274 Kan. 639, 652, 55 P.3d 903 (2002). The Kansas Court of Appeals here found that:

> Here, Barber's sentencing court was not required to find that the 1985 Arkansas rape was sexually motivated. It only needed to find that the conviction existed. Once the existence of the prior conviction was established, whether the Arkansas rape was analogous to one of the statutorily defined, sexually violent crimes listed in K.S.A. 22-3717 was a legal conclusion. Thus, *Apprendi* does not apply.

*Barber*, 2010 WL 3636272 at *2. The court concluded that *Moore* controls in that the findings required for applying persistent sex offender enhancement need not "be proved to a jury beyond a reasonable doubt in order to use them to increase a defendant's sentence." *Id.* at 3 (quoting *Moore*, 274 Kan. at 652.

Clearly established federal law holds: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) (italics added); *Blakely v. Washington*, 542 U.S. 296, 301 (2004). This "prior conviction" exception originated in the earlier case of *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27 (1998), where

7

the Court found that a prior conviction is a sentencing factor and is not an element of a crime, and thus need not be proven beyond a reasonable doubt. The Supreme Court's rationale is that prior convictions "entered pursuant to proceedings with substantial procedural safeguards of their own" are not "contested issues of fact," and that recidivism has traditionally been the basis for a sentencing court to increase an offender's sentence. *Apprendi*, 530 U.S. at 488–89. Accordingly, this court finds that the Kansas courts' adjudication of petitioner's claim did not result in a "decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Nor did the state courts engage in an objectively unreasonable application of the principles in *Apprendi* or its progeny. *See Anderson v. Mullin*, 327 F.3d 1148, 1158 (10th Cir.), *cert. denied*, 540 U.S. 916 (2003).

In sum, Barber is not entitled to federal habeas corpus relief on either of his claims. Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, a petitioner makes that showing by demonstrating that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Bedford*, 628 F.3d 1232 (10th Cir.2010). Petitioner has not met this standard as to any issue presented, so no certificate of appealability shall be granted.

  IT IS THEREFORE ORDERED that the petitions under 28 U.S.C. § 2254 for a writ of habeas corpus (Dks. 1 and 9) are denied.

  Dated this 27th day of February, 2013, Topeka, Kansas.

    s/ Sam A. Crow
    Sam A. Crow, U.S. District Senior Judge